IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| GREG CLOYES<br>1938 Willow Run Rd.<br>Grove City, Ohio 43123<br><br>    Plaintiff,<br><br>    vs.<br><br>GENTRY CUSTOM REMODELING, LLC<br>c/o Statutory Agent SHAMUS CASSIDY<br>7650 Rivers Edge Drive, Suite 101<br>Columbus, Ohio 43235<br><br>and<br><br>THE GENTRY COMPANIES, LLC<br>c/o Statutory Agent SHAMUS CASSIDY<br>7650 Rivers Edge Drive, Suite 101<br>Columbus, Ohio 43235<br><br>and<br><br>REMEDY EXPRESS OKC, LLC<br>c/o Statutory Agent SHAMUS CASSIDY<br>7650 Rivers Edge Drive, Suite 101<br>Columbus, Ohio 43235<br><br>and<br><br>REMEDY EXPRESS, LLC<br>c/o Statutory Agent SHAMUS CASSIDY<br>7650 Rivers Edge Drive, Suite 101<br>Columbus, Ohio 43235<br><br>and<br><br>BRIAN THROCKMORTON<br>4955 Red Bank Rd.<br>Galena, Ohio 43021<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Greg Cloyes, by and through counsel, and for his Complaint against Defendants, Gentry Custom Remodeling, LLC, the Gentry Companies, LLC, Remedy Express OKC, LLC, Remedy Express, LLC and Brian Throckmorton (collectively "Defendants") states and alleges the following:

## INTRODUCTION

1. This is an action instituted by Plaintiff as a result of Defendant's practices and policies of misclassifying the Plaintiff as exempt under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.14, and failing to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Franklin County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. As of March 3, 2021, Defendants operate for-profit limited liability companies, organized and existing under the laws of the State of Ohio, with its principal place of business in

Columbus, Ohio.

7. Prior to March 3, 2021, based upon information and belief, Defendants operated under the name of The Gentry Companies, LLC.

8. At times relevant herein, Defendants conducted business in Franklin County, Ohio.

9. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. On November 2, 2020, Mr. Cloyes executed an Employment Agreement with Remedy Express, LLC as a lead carpenter and paid an hourly rate of $30.00.

14. Remedy Express, LLC was not a registered entity with the State of Ohio until February 26, 2021.

15. Remedy Express OKC, LLC was registered with the State of Ohio on May 21, 2020.

16. Gentry Custom Remodeling, LLC was registered with the State of Ohio on March 4, 2021.

17. The Gentry Companies, LLC was registered with the State of Ohio on August 22, 2018.

18. Until February 19, 2021, Mr. Coyes remained an hourly employee and received overtime pay.

19. From February 22, 2021 until Mr. Coyes's termination on August 2, 2021, Mr. Coyes worked under the title of project manager and was paid a set weekly rate based on an hourly rate of $31.00 for forty (40) hours per week.

20. Beginning on March 11, 2021, Mr. Cloyes was required by Defendants to clock in and out for work.

21. Defendants maintain records showing that Mr. Cloyes regularly worked over forty hours per week.

22. While employed as a project manager, Mr. Cloyes's main duties entailed tracking the progress on job sites, reporting back to management and the owners, and communicating between management and the sub-contractors on the job site.

23. Plaintiff did not have the authority to hire or fire other employees, nor did he have the authority to review their performance.

24. Plaintiff was not responsible for interviewing or selecting employee applicants.

25. Plaintiff did not have the authority to determine rates of pay or hours of work of other employees.

26. Plaintiff did not maintain production records for any employee.

27. Plaintiff did not have the authority to plan or control a budget.

28. Plaintiff's primary duties did not involve regularly directing the work of other employees.

29. Despite these facts, Defendant improperly classified Plaintiff as an exempt employee.

30. Plaintiff was never paid overtime for any work over 40 hours in a workweek between February 21, 2021 and August 2, 2021.

## COUNT ONE
### (Fair Labor Standards Act Violations)

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's practice and policy of misclassifying Plaintiff as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

33. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

34. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

35. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Defendant's practice and policy of not paying Plaintiff for overtime work violated the OMFWSA, R.C. § 4111.14.

5

38. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

39. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff statutory damages in an amount equal to two-times the amount of back wages;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees, costs, and disbursements; and

F. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Robert B. Kapitan<br>
One of the Attorneys for Plaintiff